IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AERO MARINE ENGINE, INC.

        Plaintiff,

v.

TRANSPORTER, INC., a Nevada Corporation;
CRAIG DELLA PENNA; and DANIEL H.
WERNER,

        Defendants.

CV. 05-1469-AS

OPINION
AND ORDER

ASHMANSKAS, Magistrate Judge:

    Currently before the court are: (1) plaintiff's Motions for Entry of Default against Craig Della Penna ("Della Penna") and Daniel H. Werner ("Werner") (collectively "defendants") (docket Nos. 65 and 69); (2) defendants' Motion for an Enlargement of Time in Which to Appear (docket No. 48); and (3) Motion for Sanctions (docket No. 78).

## BACKGROUND

    On May 26, 2005, Aero Marine Engine, Inc. ("Aero Marine"), filed its complaint in the

District of Nevada alleging as follows: Aero Marine and/or International Equity Partners, S.A., ("IEP") desired to acquire the proprietary technology of defendant Transporter, Inc. ("Transporter"). The technology, which was a principal asset of Transporter, consisted of secured conference software. Transporter entered into a contract with IEP in which IEP agreed to purchase all of the issued and outstanding stock in Transporter in exchange for cash and one million shares of stock in Aero Marine, to be issued to Transporter's officers, Della Penna and Werner. As provided in the contract, IEP assigned its rights thereunder to Aero Marine, which issued stock to Della Penna and Werner.

Aero Marine claims that Della Penna and Werner made wrongful misrepresentations regarding the proprietary Transporter software that induced IEP and/or Aero Marine to enter into the contract with Transporter. Aero Marine further alleges that Della Penna and Werner wrongfully threatened to file an involuntary bankruptcy petition against Aero Marine and/or lodge a complaint with the Securities and Exchange Commission if they did not receive stock and/or cash in addition to the consideration provided under the contract. Based on these allegations, Aero Marine asserts claims against Transporter, Della Penna and Werner for securities fraud, racketeering, intentional misrepresentation, negligent misrepresentation, breach of contract, and breach of the duty of good faith and fair dealing. Aero Marine seeks recision of the agreement with Transporter, a declaration that the agreement and all associated agreements and transactions are null and void, compensatory damages, treble and punitive damages, and an injunction barring Della Penna and Werner from transferring or encumbering their Aero Marine stock while this action is pending.

After Aero Marine filed its complaint, Della Penna and Werner filed an involuntary Chapter 7 bankruptcy petition against Transporter, their co-defendant in this action. Della Penna and Werner

then moved the Nevada court to dismiss Aero Marine's complaint in this action due to: (1) improper venue; (2) failure to include an indispensable party (specifically, IEP); and (3) failure to state a claim upon which relief can be granted. Della Penna and Werner alternatively moved to strike portions to the complaint, to make it more definite and certain, and to transfer the action to the District of Oregon.

On September 12, 2005, the Nevada court granted the motion to transfer and denied the remaining motions. On October 16, 2005, Aero Marine served Della Penna and Werner each with a Notice for Application of Default Judgment. On October 20, 2005, Aero Marine filed Motions for Entry of Default against these defendants, who in turn filed a Motion for an Enlargement of Time in Which to Appear. There is no issue that Transporter need not appear at this time because the filing of a petition for bankruptcy operates as an automatic stay of any action against the debtor. 11 U.S.C. § 362(a).

## DISCUSSION

### I. Defendants' Motion for Enlargement of Time

Della Penna and Werner argue that Transporter's pending bankruptcy warrants a stay in this action against them. Specifically, they assert that Transporter and Aero Marine entered into a bankruptcy settlement and Della Penna and Werner should not be ordered to answer or otherwise defend themselves until they know the details of the settlement. They contend they cannot accurately say what their defenses, counterclaims, cross-claims or third-party claims may be until they know the terms of the bankruptcy settlement. They base this argument on their status as Transporter's officers and directors as well as creditors and third-party beneficiaries of Transporter's alleged contract with Aero Marine.

Ordinarily, unless the assets of the bankrupt estate are at stake, the automatic stay provided by 11 U.S.C. § 362(a) does not extend to actions against parties other than the debtor. U.S. v. Dos Cabezas Corp., 995 F.2d 1486, 1491 (9th Cir. 1993). Extending the stay to parties other than the debtor would not advance the aims of the bankruptcy scheme, which are to promote reorganization and protect the corporation's other creditors. Id. at 1492. "The courts have carved out limited exceptions to this general rule in cases where: (1) 'there is such an identity between the debtor and the third-party defendant that a judgment against the third party defendant will in effect be a judgment or finding against the debtor,' . . . or (2) extending the stay against codefendants 'contributes to the debtor's efforts of rehabilitation.'" Id. at n. 3 (citations omitted).

In the present case Della Penna and Werner have not asserted either basis for extension of the automatic stay, but merely rely on their status as Transporter's officers, directors and creditors. They claim that their potential liability is completely derivative of their status as agents for Transporter, though they have not expressly argued that Transporter is an indispensable party under Rule 19 of the Federal Rules of Civil Procedure. See Dos Cabezos, 995 F.2d at n. 3, citing Matter of James Wilson Assoc., 965 F.2d 160, 168 (7th Cir. 1992) (refusing to extend automatic stay where defendant failed to assert that debtor was indispensable party).

Consideration of Aero Marine's claims undermines defendants' assertion that their potential liability is completely derivative. For example, if proven, the causes of action for securities fraud and misrepresentation could result in personal liability against these defendants. Furthermore, the claims for injunctive and declaratory relief could effect their personal interest in Aero Marine stock. For these reasons and in light of the policy limiting extension of the automatic stay expressed in Dos Cabezas, defendants' status and relationship to Transporter are insufficient to stay the action until

Transporter's bankruptcy concludes.

Della Penna and Werner also argue that it is in the court's interest in judicial economy to wait for the bankruptcy matter to conclude so that they will not be faced with having to amend their answer and/or future motions. The court declines to exercise its discretion to stay this matter, in the interest of judicial economy, until the bankruptcy matter is resolved. Rather, in accordance with Rule 15(a) of the Rules of Civil Procedure, leave to amend their pleadings will be given freely to Della Penna and Werner when justice so requires.

Although this action will not be stayed while Transporter's bankruptcy is pending, as discussed below, it does not necessary follow that default judgments should be entered against Della Penna and Werner.

## II. Plaintiff's Motions for Entry of Default

Although Della Penna and Werner are not entitled to have this action stayed until the bankruptcy proceeding concludes, the court may exercise its discretion to allow them additional time to answer or otherwise defend. Though plaintiff argues that Rule 55 makes entry of the default judgments mandatory, it also affords the court discretion to set them aside. Franchise Holding II v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925 (9th Cir. 2004). In the interests of judicial economy, final resolution of the motions for default will be made on the current record.

Della Penna and Werner timely defended this action when it was pending in Nevada. Furthermore, in response to Aero Marine's notice that it would apply for default judgments, Della Penna and Werner filed their Motion for Enlargement of Time. Under these circumstances a judgment of default would be too harsh. Given the history of this case and Della Penna and Werner's prior appearance in the Nevada court, twenty days will be allowed for them to file an

answer or otherwise defend this action.

### III. Defendants' Motion for Sanctions

Della Pena and Werner have filed a motion for sanctions against Aero Marine seeking to bar its counsel, William Gaar, from further appearing in this action and for their fees and costs to defend against the Motions for Entry of Default. Contrary to defendants' assertions, Aero Marine does not assert that Della Penna and Werner *never* appeared in the action, but rather that they failed to appear within the time prescribed by law once the Nevada court ruled on their motions. Defendants' contention that counsel for Aero Marine was aware that Della Penna and Werner intended to appear some time in the future, also fails to provide a basis to impose sanctions. The court is satisfied that plaintiff's motions and supporting documents comply with the requirements of Rule 11(b) of the Federal Rules of Civil Procedure, and consequently, sanctions are not warranted under Rule 11(c).

### CONCLUSION

For the reasons stated herein, (1) plaintiff's Motions for Entry of Default against Della Penna and Werner (docket Nos. 65 and 69) are denied; (2) Della Pena and Werner's Motion for an Enlargement of Time in Which to Appear (docket No. 48) is granted to the extent that they are required to appear by December 20, 2005; and (3) their Motion for Sanctions (docket No. 78 ) is denied.

DATED this 30th day of November, 2005.

 /s/Donald C. Ashmanskas
DONALD C. ASHMANSKAS
United States Magistrate Judge