FILED'08 AUG 20 09:29USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AXIAL VECTOR ENGINE CORP. fka
AERO MARINE ENGINE, INC.

                    Plaintiff,

     v.

TRANSPORTER, INC., a Nevada
Corporation; CRAIG DELLA PENNA;
and DANIEL H. WERNER,

                   Defendants.

CV 05-1469-AC

FINDINGS AND RECOMMENDATION

ACOSTA, Magistrate Judge:

*Findings and Recommendation*

    Pending is Della Penna and Werner's Motion to File First Amended Answer.

*Background*

    Although the parties and the court are familiar with the background and the procedural

posture of this case, there are events germane to the court's ruling here that must be detailed.  On

Page 1 - FINDINGS AND RECOMMENDATION                          [LB]

February 20, 2007, the court issued a Findings and Recommendation ("F&R") dismissing Della Penna and Werner's First, Second and Third Third-Party Claims without prejudice for failure to plead in accordance with the requirement of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(b), and Rule 9(b) of the Federal Rules of Civil Procedure. *See Axial Vector Engine Corp. v. Transporter Inc. et al.*, No 05-1469 (D. Or. February 20, 2007). The February 2007 F&R did not set forth a deadline for Della Penna and Werner to amend the first three claims of their Third-Party Complaint. One month later, the February 2007 F&R was adopted by the court. *See id.* (Order dated March 20, 2007).

On October 23, 2007, a Findings and Recommendation denying Della Penna and Werner's Alternative Motions for Summary Judgment - Liability, defendants' final dispositive motion, was adopted. *See Axial Vector Engine Corp.*, No 05-1469 (Order dated October 23, 2007). Following the close of dispositive pleadings, the court set a status and scheduling conference for December 18, 2007. At the December 2007 conference, Della Penna and Werner indicated their intent to file an amended pleading based on the court's February 2007 dismissal without prejudice. Axial Vector objected to the filing of an amended pleading on the ground that it was untimely and prejudicial. Despite Axial Vector's objections, the court granted Della Penna and Werner's request for leave to file a motion to amend based solely on defense counsel's representation to the court that Magistrate Judge Ashmanskas had earlier "agreed with defendants" that filing an amended answer would be permitted after the close of dispositive motions. *See, e.g.*, Frederick T. Smith Decl. 6 , Jan. 7, 2008 ("At the end of that hearing, the court agreed with defendants that filing of an Amended Answer was best done after the court had made rulings on all the motions for summary judgment."). Although

the court was unable to find evidence in the record of such acquiescence, it accepts Smith's representation here.

Briefing on Della Penna and Werner's Motion to File a First Amended Answer is complete. For the reasons that follow, Della Penna and Werner's motion should be denied.

*Legal Standard*[1]

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend be "freely given when justice so requires." FED. R. CIV. P. 15(a). The Ninth Circuit has construed this rule broadly, requiring that leave to amend be granted with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality"). Notwithstanding the liberal policy of amendment, the court may decline to grant leave where there is "any apparent or declared reason" for doing do.

---

[1]    Axial Vector contends that Della Penna and Werner's Motion to File First Amended Answer is based on the wrong federal rule. Axial Vector argues that Della Penna and Werner's request to amend their answer, including an amended third-party complaint, coming more than eight months after the court dismissed the claims without prejudice and the case was set for a trial scheduling conference, must be reviewed under the standard set forth in Rule 16(b)(4), rather than Rule 15(a)(2) of the Federal Rules of Civil Procedure.

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Where a schedule has been filed, a party's ability to amend its pleading is governed by the good cause standard of Rule 16(b)(4), not the more liberal standard of Rule 15(a)(2). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). In order to determine whether good cause exists, courts primarily consider the diligence of the party seeking the modification. *Id.* at 609; *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). "[N]ot only must parties participate from the outset in creating a workable Rule 16 scheduling order but they must also diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). The court need not resolve this issue because even applying the more liberal standard of Rule 15(a)(2) the court recommends that Della Penna and Werner's Motion to Amend be denied.

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 772 (9th Cir. 1991).

The Ninth Circuit has interpreted *Foman* as identifying "four factors relevant to whether a motion for leave to amend pleadings should be denied:  undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir.1981).  The enumerated factors are not of equal weight and delay alone is insufficient to deny leave to amend.  *Id. (citing Howey v. United States*, 481 F.2d 1187 (9th Cir. 1973)). "Prejudice to the opposing party is the most important factor," *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990), and futility alone can justify the denial of a motion to amend, *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995).

*Analysis*

As a preliminary matter, the court notes that in their opening brief Della Penna and Werner represent that "[t]he Findings and Recommendations of February 20, 2007, adopted by the court on March 21, 2007, ruled that part of defendants' claims were dismissed without prejudice and *specifically allowed defendants to amend their answer, counterclaims and third-party claims."* (Defs.' Mem. Supp. Mot. Am. Answer 2 (emphasis added).)  The February 2007 F&R states only that "Della Penna and Werner's First, Second and Third Third-Party Claims should be DISMISSED without prejudice for failure to plead in accordance with the requirements of the PSLRA, 15 U.S.C. § 78u-4(b)(1) and Rule 9(b) of the Federal Rules of Civil Procedure." *Axial Vector Engine Corp. v. Transporter Inc. et al.*, No 05-1469 (D. Or. February 20, 2007).  Thus, to state that the ruling "specifically allowed defendants to amend their answer, counterclaims and third-party claims" is inaccurate. Nor was such indiscriminate leave granted by subsequent rulings or discussions with the

court. *See Civil Docket, Aero Marine, et al. v. Della Penna, et al.,* CV No. 05-1469. Indeed, the only amended pleading related to the February 2007 F&R contemplated or authorized by the court's ruling was amendment to the first three claims of the Third-Party Complaint.

Moreover, any further amendments to Della Penna and Werner's Answer and Affirmative Defense to First Amended Complaint and Counterclaims, Third-Party Complaint and Derivative Complaint, filed two years ago in this court, are clearly untimely and prejudicial to Aero Marine. The proceedings that have transpired in this case, which was filed in the District of Oregon over three years ago, have been lengthy and the filings numerous, but it is sufficient to note that both the discovery and dispositive motions deadlines passed some twenty months ago. Adding claims or parties at this point, or even to allow, according to Della Penna and Werner, to "separate two claims which were joined at the hip" and thus independently plead "the claim of sale of an unregistered stock in violation of the federal law and the separate claim of fraud in the sale of stock under the federal securities law" (Defs' Resp. 8), would prompt a new round of litigation and motion practice, a conclusion that the docket for this case clearly bears out. *See Foman*, 371 U.S. at 182 (court may decline to grant leave where there is "any apparent or declared reason" for doing so); *Jackson*, 902 F.2d at 1387 ("[p]rejudice to the opposing party is the most important factor"). Additionally, notwithstanding the present motion by Della Penna and Werner, the court was prepared in December 2007 to set a trial schedule in this matter. Accordingly, at this juncture, the only remaining issue before the court is whether Della Penna and Werner should be permitted to amend the three claims set forth in the Third-Party Complaint that were dismissed without prejudice previously by this court.

Della Penna and Werner's Proposed Third-Party Complaint contains claims of securities fraud under Section 10(b) of the Securities Exchange Act of 1934 ("SEA"), 15 U.S.C. § 78j(b), Rule

10b-5, and controlling persons allegations under Section 20 of the SEA, 15 U.S.C. § 78t(a), corresponding Oregon Blue Sky laws, Or.Rev.Stat. §§ 59.115, 59.135, and common law fraud. In considering the proposed Amended Third-Party Complaint, the court will examine the relevant factors in turn. *See Foman*, 371 U.S. at 182.

1. Delay

Under Ninth Circuit law, a substantial delay on the part of the moving party, while not dispositive, is nevertheless relevant. *See Lockheed Martin Corp. v. Network Solutions Inc.,* 194 F.3d 980, 986 (9th Cir. 1999)(finding a motion to amend filed after several months with no reason given for the delay supported the district court's denial of leave). "Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson,* 902 F.2d at 1388.

As set forth above, Della Penna and Werner represent that the court agreed they should wait to filed their Amended Third-Party Complaint until all summary judgment motions were decided. On October 23, 2007, Judge Haggerty adopted the Findings and Recommendation denying Della Penna and Werner's Alternative Motions for Summary Judgment - Liability. *See Axial Vector Engine Corp.,* No 05-1469 (Order dated October 23, 2007). Inexplicably, Della Penna and Werner still had not filed their motion to amend over 35 days later when, on November 28, 2007, the court set a status/scheduling conference. Nor did Della Penna and Werner file their motion in the 20 days intervening between November 28, and the status/scheduling conference on December 18, 2007.

Rather, Della Penna allowed 55 days to elapse before notifying the court of their *intent* to file a motion to amend that was grounded in the court's February 20, 2007, ruling, and with no indication of *when* that motion would be filed. Simply put, after October 23, 2007, Della Penna and Werner

made no effort to bring this contemplated motion to the court's or Aero Marine's attention until the court was prepared to set a trial schedule in this matter. Della Penna and Werner offer no explanation for the 55-day delay. Undoubtedly, all of the requisite information was available to Della Penna and Werner on October 23, 2007. Certainly, 55 days, or even 35 days, was ample time to formulate and file their amended pleading, which they already had contemplated filing for over eight months. The court finds this unexplained delay unreasonable and, thus, that it constitutes an undue delay. While undue delay is not dispositive, the unexplained delay between October 23, 2007, and December 18, 2007, weighs against Della Penna and Werner's motion to file an Amended Third-Party Complaint.

2. Bad Faith

Bad faith in filing a motion for leave to amend exists when the addition of new legal theories are baseless and presented for the purpose of prolonging the litigation, *see Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999), or when the adverse party offers evidence that shows "wrongful motive" on the part of the moving party. *See DCD Programs, Ltd.*, 833 F.2d at 187. No such evidence has been offered here. Therefore, the court finds that there is no evidence of bad faith in bringing the proposed amendment. This factor weighs in favor of Della Penna and Werner.

3. Prejudice

Undue prejudice to the opposing party carries the greatest weight in determining a motion to amend. *See Eminence Capital, LLC v. Aspeon*, 316 F.3d 1048, 1052 (9th Cir. 2003). A need to reopen discovery, a delay in the proceedings, or the addition of complaints or parties are indicators of prejudice. *See, e.g., Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming district court's denial of motion to amend pleadings filed five days before close of

discovery where additional causes of action would have required additional discovery, prejudicing defendant and delaying proceedings); *Lockheed Martin Corp.*, 194 F.3d at 986 (addition of complaints was prejudicial); *Solomon v. North American Life and Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (court did not abuse its discretion in denying motion to amend on grounds of undue delay and prejudice where motion made on the "eve of the discovery deadline" would have required re-opening discovery, thus delaying proceedings).

Aero Marine challenges the proposed Amended Third-Party Complaint on grounds of prejudice. Specifically, it argues that if the proposed amendments are allowed "the claims will require that the court reopen discovery in this matter and pull in a substantial number of new parties. . . . a new round of motions will be heard, again raising the defenses which the Counter-defendants originally sought to have the court address . . . ." (Pls.' Opp'n Mot. Am. Answer 6.) Moreover, Aero Marine alleges that Della Penna and Werner's Amended Third-Party Complaint includes an "entirely new Third-Party Claim for Relief under 15 U.S.C. § 78t for controller liability." (Pls.' Opp'n Mot. Am. Answer 7.)

The court finds that Aero Marine will be prejudiced by granting the motion to amend the Third-Party Complaint. Based on the lengthy history of this case, it is reasonable to anticipate that leave to amend the Third-Party Complaint will result in the reopening of discovery, additional discovery disputes, new motions for sanctions, and at least a fifth round of dispositive motions, all of which will result in a significant delay in resolving this matter. On these grounds alone, the court is well within its discretion to deny the motion to amend. *See, e.g., Zivkovic*, 302 F.3d at 1087; *Lockheed Martin Corp.*, 194 F.3d at 986; *Solomon*, 151 F.3d at 1139. Moreover, even a cursory review of Della Penna and Werner's Amended Third-Party Complaint reveals the addition of new

claims and theories, which further prejudices Aero Marine and provides an additional, independent

basis for denying Della Penna and Werner's motion to amend. *See, e.g., Zivkovic*, 302 F.3d at 1087;

*Lockheed Martin Corp.*, 194 F.3d at 986. The prejudice factor weighs heavily in favor of Aero

Marine and is determinative. Nevertheless, the court will also consider the fourth and final factor

set forth in *Foman*–futility.

4. Futility of Amendment

      An alternative basis for denying Della Penna and Werner's Motion to File First Amended

Answer is futility. Leave to amend is properly denied where the amendment would be futile. *See*

*DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658. A claim is considered futile and leave to

amend shall not be granted if there is no set of facts that can be proved under the amendment that

would constitute a valid claim. *Miller v. RykoffSexton, Inc.*, 845 F.2d 209 (9th Cir. 1988).

      In their Amended Third-Party Complaint, Della Penna and Werner allege claims of securities

fraud under Section 10(b) of the SEA, 15 U.S.C. § 78j(b), Rule 10b-5, and controlling persons

allegations under Section 20 of the SEA, 15 U.S.C. § 78t(a), corresponding Oregon Blue Sky laws,

Or.Rev.Stat. §§ 59.115, 59.135, and common law fraud against International Equity Partners ("IEP")

and seven individually named third-party defendants (collectively "Individuals"), all present or

former directors of Aero Marine, with the exception of Muna Higgins. To analyze the futility of the

Amended Third-Party Complaint, the court must determine whether Della Penna and Werner have

adequately pleaded the fraud violations with the particularity required by the PSLRA, 15 U.S.C. §

78u-4(b), and Rule 9(b) of the Federal Rules of Civil Procedure.

      Section 10(b) of the Securities Exchange Act prohibits the "use or employ, in connection

with the purchase or sale of any security, . . . [of] any manipulative or deceptive device or

contrivance in contravention of such rules and regulations as the Commission may prescribe. . . ."

15 U.S.C. § 78j(b); *see also McGann v. Ernst & Young*, 102 F.3d 390, 392 (9th Cir. 1996).  In

accordance with this statutory authority, the Securities Exchange Commission promulgated Rule

10b-5, which creates a private cause of action for investors harmed by materially false or misleading

statements. *See* 17 C.F.R. §240.10b-5. Rule 10b-5 makes it unlawful for any person "[t]o make any

untrue statement of a material fact or to omit to state a material fact necessary to make the statements

made[,] in light of the circumstances under which they were made, not misleading . . . in connection

with the purchase or sale of any security." 17 C.F.R. s 240.10b-5(b).  The elements of a section

10(b) claim are: (1) a material misrepresentation (or omission); (2) scienter, i.e., a wrongful state of

mind; (3) a connection with the purchase or sale of a security; (4) reliance, often referred to in cases

involving public securities markets as transaction causation; (5) economic loss; and (6) loss

causation, i.e., a causal connection between the material misrepresentation and the loss. *See Dura*

*Pharm, Inc. V. Broudo*, 544 U.S. 336, 341-42 (2005).

Claims brought under Rule 10b-5 and section 10(b) must meet the particularity requirements

of Rule 9(b) of the Federal Rules of Civil Procedure.  Additionally, "the enactment of the PSLRA

in 1995 significantly altered pleading requirements in private securities fraud litigation by amending

the 1934 Exchange Act to require that a complaint plead with particularity both falsity and scienter."

*In re Daou Systems, Inc.*, 411 F.3d 1006, 1014 (9th Cir. 2005)(quotation and citation omitted).

Accordingly, Della Penna and Werner's Amended Third-Party Complaint is subject to the pleading

requirements of both Rule 9(b) of the Federal Rules of Civil Procedure and the PSLRA, 15 U.S.C.

§ 78u-4(b).[2]

Rule 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting

fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition

of mind of a person may be averred generally." The PSLRA requires that when bringing a section

10(b) claim a plaintiff must "specify each statement alleged to have been misleading, the reason or

reasons why the statement is misleading, and, if an allegation regarding the statement or omission

is made on information and belief, the complaint shall state with particularity all facts on which that

belief is formed." 15 U.S.C. § 78u-4(b)(1). Additionally, plaintiff must "state with particularity

facts giving rise to a strong inference that the defendant acted with the required state of mind." 15

U.S.C. §§ 78u-4(b)(2). If the complaint does not contain such allegations, it must be dismissed. 15

U.S.C. § 78u4(b)(3)(A). Moreover, the statute expressly imposes on  plaintiff "the burden of

proving" that defendants' misrepresentations "caused the loss for which the plaintiff seeks to

recover." *Id.* at § 78a-4(u)(4).

---

[2]    To prove a defendant violated Or. Rev. Stat. §§ 59.115 or 59.135, a plaintiff must show
that the defendant sold a security that was not properly registered under Oregon law or sold a
security through fraud or deceit. Both of the Oregon securities statutes in issue create statutory
"'fraud" actions. Or. Rev. Stat. § 59.115(1)(b) is violated in the event of a negligent
misstatement or omission of a material fact. The other Oregon statute in issue, Or. Rev. Stat. §
59.135, is closely modeled after Rule 10b-5. *See Held v. Product Mfg. Co.*, 286 Or. 67, 592 P.2d
1005, 1007 (1979)("parties agree that ORS 59.135 is similar to federal Rule 10b-5."). State
securities laws parallel the federal laws and are to be interpreted consistently with the federal
laws. *See Shivers v. Amerco*, 670 F.2d 826, 831 (9th Cir. 1982); *Numrich v. Gleason*, 1990 WL
209734, at *3 (*citing Austin V. Baer, Marks & Upham*, Fed. Sec. L. Rep. (CCH) para. 92,881,
94,280 (D.Or. July 18, 1986)("In construing the state provision [ORS 59.135], deference is given
to developments in the law construing claims under federal Rule 10(b)(5)")).

Before reviewing the allegations of Della Penna and Werner's Amended Third-Party Complaint, there are two points worth noting. First, the strict pleading requirements demanded by the PSLRA cannot be overstated, the standard is demanding and exacting. *See, e.g., In re Silicon Graphics, Inc. Securities Litigation*, 183 F.3d 970, 979 (9th Cir. 1999) ("To repeat, Congress intended for the PSLRA to raise the pleading standard even beyond the most stringent existing standard."). Next, the court is mindful that this is Della Penna and Werner's second attempt to satisfy the exacting PSLRA standards. Additionally, Della Penna and Werner enjoyed over ten months to craft their pleading in accordance with the PSLRA requirements. Despite these allowances, the Amended Third-Party Complaint falls short of the mark.

Briefly, the allegations of the Amended Third-Party Complaint are that Della Penna and Werner were fraudulently induced by the Individuals to enter into the Exclusive Purchase Agreement ("EPA"). The focus of the Amended Third-Party Complaint is on the alleged misrepresentations made during the discussions and negotiations leading up to the signing of the EPA, including the meeting on August 24, 2007, in which the EPA was signed. While the amended pleading sets forth an allegation of fraud or misrepresentation to virtually every discussion and event that transpired between the parties during that time, the details or factual support as to how or why the statements and conduct were false or misleading is absent from the pleading. Without question, Della Penna and Werner repeatedly allege "fraud", "fraudulent misrepresentation", "untrue statements of material facts", and "omissions of material fact." The difficulty is that there is little or no factual basis upon which the court can determine whether or why a particular statement may have been false at the time it was made. Section 78u-4(b)(1) is intended to prevent plaintiffs from "filing a complaint laden with vague allegations of deception unaccompanied by a particularized explanation stating *why* the

defendant's alleged statements or omissions are deceitful." *Metzler Investment GMBH,* ___ F.3d

at ___, 2008 WL 2853402, at *8 (9th Cir. July 25, 2008)(emphasis in original); *see also Falkowski*

*v. Imation Corp.,* 309 F.3d 1123, 1133 (9th Cir. 2002)("Although the allegations here are

voluminous they do not rise to the level of specificity required under the PSLRA. The allegations

consist of vague claims about what statements were false or misleading, how they were false, and

why we can infer intent to mislead. We have dismissed much more specific and compelling

allegations.").

　　　While on occasion, Della Penna and Werner include some allegations in an attempt to

explain why a particular statement or representation was false when made, the explanation of how

and why the statement was false remains vague and conclusory. For example, in paragraph 17, Della

Penna and Werner allege as follows:

> 17.　　The August 24, 2004 Exclusive Purchase Agreement representation by IEP
> that it possessed the infrastructure to finance the development and marketing
> of Transporter, Inc. technology is and was false because IEP is S. Higgins and
> who did not have a bank account and IEP had no way to pay the obligations
> incurred in the Exclusive Purchase Agreement such as ths the $85,000.00 for
> the October 10, 2004 payment to Transporter, Inc. required by Paragraph 1.d)
> of that Agreement.

(Smith Decl. Ex. A at 6.) The court is left to puzzle the relevance or accuracy of an allegation that

Higgins was IEP and he did not have a bank account, offered to support a claim for securities fraud.

Nor is there any support for the bald allegation that "IEP had no way to pay the obligations incurred

in the Exclusive Purchase Agreement." Viewed in their entirety, the allegations of Della Penna and

Werner's Amended Third-Party Complaint fail to set forth adequately the misleading statements in

accordance with section 78u-4(b)(1) and applicable case law.

Moreover, there are insufficient allegations to support a strong inference that the intent of the Individuals was to deliberately and recklessly mislead Della Penna and Werner. *See, e.g., Ronconi v. Larkin*, 253 F.3d 423, 432 (9th Cir. 2001)("To meet this pleading requirement, the complaint must contain allegations of specific contemporaneous statements or conditions that demonstrate the intentional or the deliberately reckless false or misleading nature of the statements when made."). To state a claim for securities fraud, a plaintiff must allege that defendant intended "to deceive, manipulate, or defraud." *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193 (1976). "[P]laintiffs proceeding under the PSLRA . . . must state specific facts indicating no less than a degree of recklessness that strongly suggests actual intent." *In re Silicon Graphics, Inc. Securities Litigation*, 183 F.3d 970, 979 (9th Cir. 1999); *accord Metzler*, ___ F.3d at ___, 2008 WL 2853402, at *11; *see also* 15 U.S.C. § 78u-4(b)(2)(plaintiff must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.").

The Supreme Court recently considered what allegations were required to allege a "strong inference" of scienter. *See Tellabs Inc. v. Makor Issues & Rights Ltd*, ___ U.S. ___, 127 S.Ct. 2499 (2007). "An inference of scienter must be more than merely plausible or reasonable -- it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Id.* at 2504-05. Further, when considering whether a complaint complies with this standard, "courts must consider the complaint it its entirety . . . [and inquire] whether *all* of the facts alleged, taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation meets that standard." *Id.* at 2509 (emphasis in original).

Viewed in their entirety, the allegations of the Amended Third-Party Complaint fail to raise a "strong inference of scienter." With few exceptions, virtually all of the allegations of fraud and

Page 14 - FINDINGS AND RECOMMENDATION                    [LB]

wrongdoing are simply that -- allegations of fraud and wrongdoing. In other words, the allegations lack the factual specificity necessary to show that a particular Individual had the requisite contemporaneous intent to mislead or deceive.

For example, in paragraph 29, Della Penna and Werner allege:

> 29.    In *every representation of fact* made by Langford, he either knew the representation was false or he made each representation recklessly and without any effort to verify the truth of each representation.

(Smith Decl. Ex. A at 8 (emphasis added).) Once again, the court can only speculate as to the information relied upon by Della Penna and Werner to allege that Langford was either aware or should have been aware that every representation he made was false. Such a bald, unsupported allegation is not useful in establishing with particularity an intent "to deceive, manipulate, or defraud" and cannot create the strong inference mandated by the Supreme Court for a PSLRA pleading.

Under the PSLRA, every allegation of misrepresentation in a transaction cannot constitute a claim for securities fraud. Rather, the allegation must include specific details of the falsity, that it was false when it was made, and that there was a deliberate, reckless intent to mislead. To allow a securities fraud claim to proceed by simply labeling statements and negotiations fraudulent, misleading, or material is precisely what the PSLRA is intended to preclude. Della Penna and Werner have failed in their Amended Third-Party Complaint to provide specifics about misleading statements or establish a strong inference of scienter.[3]

---

[3]    Because the court finds that the Amended Third-Party Complaint fails to adequately plead either specific misleading statements or a strong inference of scienter, it does not reach the question of whether Della Penna and Werner also adequately pleaded "loss causation." *See Dura Pharmaceuticals*, 544 U.S. at 342 (loss causation is the "causal connection between the [defendant's] material misrepresentation and the [plaintiff's] loss").

As set forth above, Della Penna and Werner's proposed Amended Third-Party Complaint is futile. Accordingly, this *Foman* factor also weighs in favor of Aero Marine. A finding of futility provides an additional basis to recommend that Della Penna and Werner's request to filed a Third-Amended Complaint should be denied.

*CONCLUSION*

Based on the foregoing, Della Penna and Werner's Motion to File First Amended Answer (doc. #244) should be DENIED.

DATED this    th day of August 2008

John V. Acosta
United States Magistrate Judge

**SCHEDULING ORDER**

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due September 3, 2008. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

Page 16 - FINDINGS AND RECOMMENDATION                                        [LB]